CLAUSEN MILLER, PC
Andrew S. Turkish, Esq. (ID. 57366)
Courtney E. Murphy, Esq. (*Pro Hac Vice pending*)
*Attorneys for Defendant, Axis Surplus Insurance Company*
100 Campus Drive, Suite 112
Florham Park, NJ 07932
Our File No.: 18-1900-00-2
Tel: 973-410-4130
Fax: 973-410-4169
E-mail: aturkish@clausen.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUNJI HARRISBURG LLC<br>2634 Emmitsburg Road<br>Gettysburg, PA 17325<br><br>        Plaintiff,<br><br>Vs.<br><br>AXIS SURPLUS INSURANCE<br>COMPANY<br>111 South Wacker Drive., Suite 3500<br>Chicago, IL 60606<br><br>And<br><br>YORK RISK SERVICES GROUP, INC.<br>100 Town Square Place, Suite 402<br>Jersey City, NJ 07310<br><br>And<br><br>JOHN O'KEEFE<br>100 Town Square Place, Ste 402<br>Jersey City, NJ 07310<br><br>        Defendants. | CASE NO.:<br><br>        Civil Action |

## PETITION FOR REMOVAL

TO:    CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

**EASTERN DISTRICT OF PENNSYLVANIA**

United States District Court
2609 U. S. Courthouse
601 Market Street
Philadelphia, PA 19106

**PLEASE TAKE NOTICE** that Defendant, AXIS SURPLUS INSURANCE COMPANY ("AXIS"), hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania. This action is styled *Kunji Harrisburg LLC v. AXIS Surplus Insurance Company, York Risk Services Group, Inc., and John O'Keefe,* Index No. 190201678 (the "State Court Action"). The grounds for removal are as follows:

1.      On or about February 18, 2019, Plaintiff commenced this civil action against defendants in the Court of Common Pleas, Philadelphia County, Pennsylvania in the February Term, 2019, by filing a summons and verified complaint. True and correct copies of the summons and verified complaint are attached hereto as **Exhibit "A"** in accordance with 28 U.S.C. § 1446(a).

2.      Plaintiff mailed AXIS with the summons and verified complaint on or about February 20, 2019, in contravention of the subject Policy's Endorsement relative to the service of process on AXIS for claims within the state of Pennsylvania. The Policy's Endorsement N states, in pertinent part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**SERVICE OF PROCESS CLAUSE – PENNSYLVANIA**

It is agreed that in the event of the failure of the Insurer providing coverage under this Policy to pay any amount claimed to be due hereunder, the Insurer, at the request of the Insured will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court. It is further agreed that in any such action instituted against any one of them upon this Policy, the Insurer will abide by the final decision of such court or of any appellate court in the event of an appeal.

Service of process shall be made pursuant to the procedures provided by 42 Pa. C.S. Ch. 53 Subch. B (relating to interstate and international procedure). When making service of process by mail, such process shall be mailed to:

**AXIS U.S. Insurance**
**Attn: Claims Administrator**
**11680 Great Oaks Way**
**Suite 500**
**Alpharetta, GA 30022**

The above named is authorized and directed to accept service of process on behalf of the Insured.

Further, pursuant to any statute of any state, territory or district of the United States, which makes provisions therefore, the Insurer hereby designates the Commissioner of Insurance of the state of Pennsylvania, or his or her successor or successors in office, as the true and lawful attorney upon whom any lawful process may be served in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this Policy and hereby designates the above-named as the person on whom such process or a true copy thereof shall be served.

3.       While Plaintiff failed to serve the complaint consistent with the terms of the Policy as outlined above, AXIS received a copy of the summons and complaint on or about March 1, 2019.  Thus, this notice of removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff's service.

4.       The Complaint seeks a declaration that AXIS is obligated to pay Plaintiff under a Property Insurance Policy, Policy No.: EAF623385-17, for damages allegedly sustained to Plaintiff's property.  Upon information and belief, the amount in controversy exceeds $75,000.

5.       As can be readily seen from Plaintiff's caption, Plaintiff is a Pennsylvania limited liability corporation with its principal place of business located at 2634 Emmitsburg Road, Gettysburg, PA  17325.

6.       AXIS is incorporated under the laws of the State of Illinois with a statutory home office located at 111 South Wacker Drive, Ste. 3500, Chicago, Illinois 60606 and its principal place of business is located at 11680 Great Oaks Way, Ste. 500, Alpharetta, Georgia 30022.

7.     Defendant York Risk Service Group, Inc. is a corporation existing under the laws of the State of New York with its principle place of business located at 101 Hudson Street, Suite 3500, Jersey City, NJ 07302.

8.     Defendant John O'keefe is, upon information and belief, an employee of defendant York Risk Service Group, Inc. and is otherwise domiciled in the State of New Jersey.

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between corporations of different states.  That Plaintiff seeks damages well in excess of the $75,000 is evidenced by the building estimate attached to the Complaint which purportedly represents the amount of loss and damage sustained for which recovery is sought.  The amount sought well exceeds $75,000.

10.    No previous application has been made for the relief requested herein.

11.    This is an action over which this Court would have had original jurisdiction had it been filed initially with this Court, and Removal is proper under the provisions of 28 U.S.C. § 1441(a).

12.    As required by 28 U.S.C. § 1446(a), a true and correct copy of the summons and complaint, the only pleadings filed in this matter to date,  is attached hereto as Exhibit "A."

13.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the plaintiffs, and a copy is also being filed with the Clerk of the Court for the Court of Common Pleas of Philadelphia County, Pennsylvania.  The Notice of Filing Petition for Removal, without accompanying exhibits, is attached as Exhibit "B."

14.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), AXIS has obtained the express written consent of all defendants. *See* York Risk Services Group, Inc. and John O'Keefe's signed Consent to Removal, attached as Exhibit "C."

15.     Therefore, defendant AXIS is entitled to Removal of the State Court Action to this Court pursuant to 28 U.S.C. 1441(a).

**WHEREFORE,** Defendant AXIS respectfully requests that this State Court Action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, and that it proceeds in this Court as an action properly removed thereto.

Dated: March 20, 2019

Respectfully submitted,
CLAUSEN MILLER,
P.C.

By:  _Andrew Turkish_

Andrew Turkish, Esq.
Attorneys for Axis Surplus Insurance
Company 100 Campus Drive, Suite 112
Florham Park, NJ 07932
Our File No.: 18-1900-
00-2 Tel: 973-410-4130
Fax: 973-410-4169
Email: aturkish@clausen.com
E-mail: cmurphy@clausen.com

To:   **WHEELER, DIULIO & BARNABEI, P.C.**
      *Attorneys for Plaintiff(s)*
      One Penn Center – Suite
      1270 1617 JFK Boulevard
      Philadelphia, PA 19103
      Tel: (215) 568-2900
      E-mail: adiulio@wdblegal.com

**GORDON & REES**
WILLIAM P. SHELLEY
Alexander S. Brown
Three Logan Square, 1717 Arch Street
Suite 610
Philadelphia, PA 19103
E-mail:  wshelley@grsm.com
E-mail:  abrown@grsm.com

# Exhibit "A"



Jonathan Wheeler, Esquire
jwheeler@wdblegal.com

Anthony DiUlio, Esquire
adiulio@wdblegal.com

Mario Barnabei, Esquire
mbarnabei@wdblegal.com

Vincent J. Doto, Esquire'
vdoto@wdblegal.com

Admitted to PA & NJ Bars
'Admitted to PA Bar only

# WHEELER DIULIO & BARNABEI

THE PROPERTY DAMAGE ATTORNEYS

www.wdblegal.com

PHILADELPHIA OFFICE
📞 215.568.2900
🖨 215.568.2901
📍 1617 JFK Boulevard, Suite 1270
Philadelphia, PA 19103

NEW JERSEY OFFICE
📞 856.874.1447
🖨 215.568.2901
📍 411 Route 70 East - Suite 100
Cherry Hill, NJ 08034

E-mail: adiulio@wdblegal.com

501-5572

February 20, 2019

Axis Surplus Insurance Company
111 S. Wacker Drive, Suite 3500
Chicago, IL  60606

Re:    Kunji Harrisburg, LLC v. Axis Surplus Insurance Company, et al.
       CCP Philadelphia County, February Term 2019, No.: 01678

Dear Sir or Madam:

Enclosed please find a true and correct copy of Plaintiff's Civil Action Complaint filed against you in the Court of Common Pleas of Philadelphia County.  Please be advised that you have twenty (20) days in which to respond to this Complaint, pursuant to the Pennsylvania Rules of Civil Procedure, otherwise a default judgment may be filed against you.

Kindly forward this Complaint to your insurance company/attorney immediately.

Very truly yours,

ANTHONY DiULIO

AD/at
CERTIFIED MAIL/RETURN RECEIPT REQUESTED
NO. 7017 0660 000 1410 8452
and FIRST CLASS MAIL

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **FEBRUARY 2019** **001678** |
| E-Filing Number: 1902037271 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KUNJI HARRISBURG, LLC | AXIS SURPLUS INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2634 EMMITSBURG ROAD<br>GETTYSBURG PA 17325 | 111 SOUTH WACKER DRIVE SUITE 3500<br>CHICAGO IL 60606 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | YORK RISK SERVICES GROUP, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 100 TOWN SQUARE PLACE   SUITE 402<br>JERSEY CITY NJ 07310 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN O'KEEFE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 100 TOWN SQUARE PLACE   SUITE 402<br>JERSEY CITY NJ 07310 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration<br>[X] Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1O - CONTRACTS OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>FEB 18 2019<br>M. BRYANT | YES      NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>KUNJI HARRISBURG, LLC</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ANTHONY J. DIULIO | 1617 JFK BLVD<br>SUITE 1270<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)568-2900 | (215)568-2901 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 312763 | adiulio@jwheelerlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ANTHONY DIULIO | Monday, February 18, 2019, 09:24 am |

FINAL COPY (Approved by the Prothonotary Clerk)



THIS IS NOT AN ARBITRATION CASE
ASSESSMENT OF DAMAGES REQUIRED.
JURY TRIAL DEMANDED.

Filed and Attested by the
Office of Judicial Records
18 FEB 2019 09:24 am
S. BRYANT

Attorney for Plaintiff(s)

**WHEELER, DIULIO & BARNABEI, P.C.**
BY:  Anthony DiUlio, Esquire
Attorney I.D. No.:  312763
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: adiulio@wdblegal.com

| | |
|---|---|
| KUNJI HARRISBURG LLC<br>2634 Emmitsburg Road<br>Gettysburg, PA 17325<br><br>vs.<br><br>AXIS SURPLUS INSURANCE COMPANY<br>111 South Wacker Dr., Suite 3500<br>Chicago, IL 60606<br><br>vs.<br><br>YORK RISK SERVICES GROUP, INC.<br>100 Town Square Place, Ste. 402<br>Jersey City, NJ 07310<br><br>vs.<br><br>JOHN O'KEEFE<br>100 Town Square Place, Ste. 402<br>Jersey City, NJ 07310 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>DOCKET NO. |

### CIVIL ACTION COMPLAINT (1C - Contract)

Case ID: 190201678

## CIVIL ACTION COMPLAINT (1C – Contract)

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral Service
1101 Market St., 11th Floor
Philadelphia, PA 19107-2911
Telephone: 215-238-6333
Fax: 215-238-1159

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

THIS IS NOT AN ARBITRATION CASE.
ASSESSMENT OF DAMAGES REQUIRED.
JURY TRIAL DEMANDED.

**WHEELER, DIULIO & BARNABEI, P.C.**
BY:  Anthony DiUlio, Esquire                                     Attorney for Plaintiff(s)
Attorney I.D. No.:  312763
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: adiulio@wdblegal.com

|  |  |
|---|---|
| KUNJI HARRISBURG LLC<br>2634 Emmitsburg Road<br>Gettysburg, PA 17325<br><br>       vs.<br><br>AXIS SURPLUS INSURANCE COMPANY<br>111 South Wacker Dr., Suite 3500<br>Chicago, IL 60606<br><br>       vs.<br><br>YORK RISK SERVICES GROUP, INC.<br>100 Town Square Place, Ste. 402<br>Jersey City, NJ 07310<br><br>       vs.<br><br>JOHN O'KEEFE<br>100 Town Square Place, Ste. 402<br>Jersey City, NJ 07310 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>DOCKET NO. |

<u>**CIVIL ACTION COMPLAINT (1C - Contract)**</u>

      1.     Plaintiff, Kunji Harrisburg LLC, is a corporation with a business address as set

forth above.

      2.     Defendant, Axis Surplus Insurance Company ("Axis"), is a corporation duly

organized and existing which is authorized to conduct business as an insurance company within

the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the

Case ID: 190201678

address set forth above and issues policies of insurance within the City and County of Philadelphia.

    3.    Defendant, York Risk Services Group, Inc.("York"), is a corporation duly organized and existing which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above and upon information and belief adjusts insurance claims and does business within the City and County of Philadelphia.

    4.    Defendant, John O'Keefe ("O'Keefe"), is an adult individual with a business address at the address set forth above and upon information and belief adjusts insurance claims and does business within the City and County of Philadelphia.

    5.    Defendant, Axis, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") covering Plaintiff's property located at 2634 Emmitsburg Road, Gettysburg, Pennsylvania 17325 ("the Property").   A true and correct copy of the complete policy and declarations page is not in Plaintiff's possession, but Plaintiff believes Defendant Axis is in possession of the policy.

    6.    On or about April 25, 2018, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy, including but not limited to wind and rain damage, resulting in damage to the insured premises.

    7.    Following the April 25, 2018 report of water damage, Plaintiff began repairing the roof to protect the property from further damage and mitigate the loss.

    8.    Work to repair the roof began on or about May 7, 2018.

9.      On or about May 14, 2018, while the Policy was in full force and effect, Plaintiff suffered additional direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy, including but not limited to wind and rain damage, resulting in damage to the insured premises.

10.     As a result of these events all stemming from the April loss, Plaintiff's property was damaged to the areas and extent set forth in the preliminary estimate of loss, a true and correct copy of which is attached hereto and made part hereof and marked Exhibit "A".

11.     In addition to the damages to the physical structure of the building, Plaintiff also suffered damage to the contents of the building as well as a loss of income from the closure of the rooms.

12.     Notice of this covered loss was given to Defendant Axis in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

13.     Defendant Axis retained York Risk Services Group as a third-party adjustment firm to investigate and adjust the loss sustained by Plaintiff.

14.     York Risk Services Group assigned John O'Keefe to adjust the claim.

15.     At all material times, O'Keefe was acting on behalf of York and Axis.

16.     O'Keefe failed to properly and fully investigate the loss, and disregarded direct evidence that wind created openings in the roof from the April storm causing damage to the property.

17.     O'Keefe, and therefor York and Axis, failed to acknowledge the initial claimed damages and simply denied the claim in its entirety with no reasonable basis in fact.

Case ID: 190201678

18.    Axis, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

19.    As a result of Axis's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of $50,000.00.

20.    As a result of York and O'Keefe's negligent investigation, Plaintiff has suffered loss and damage in an amount in excess of $50,000.00.

## COUNT I
### In Assumpsit - Breach of Contract
### Kunji Harrisburg LLC v. Axis

21.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

22.    Axis is obligated by the terms of the contract to indemnify Plaintiff's loss.

23.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Axis has not paid to Plaintiff all of the policy benefits to which they are entitled under the Policy and has refused to provide funds sufficient to bring Plaintiffs' home to pre-loss condition.

24.    Axis' denial of coverage was made without a reasonable basis in fact.

25.    Axis' refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiffs demand judgment against Axis in an amount in excess of $50,000.00 together with interest and court costs.

## COUNT II
### In Trespass - 42 Pa.C.S.A. §8371
### Kunji Harrisburg LLC v. Axis

26.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

27.     Axis has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et seq.

28.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Axis, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct:

      a.     by sending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;

      b.     in failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy;

      c.     in failing to pay Plaintiff's covered loss in a prompt and timely manner;

      d.     in failing to objectively and fairly evaluate Plaintiff's claim;

      e.     in conducting an unfair and unreasonable investigation of Plaintiff's claim;

      f.     in asserting Policy defenses without a reasonable basis in fact;

      g.     in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;

      h.     in failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

       i.     in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

       j.     in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;

       k.     in unreasonably withholding policy benefits;

       l.     in acting unreasonably and unfairly in response to Plaintiff's claim;

       m.     in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation;

       n.     in entirely ignoring the initial date of loss and the 1st set of damages sustained by Plaintiff;

       o.     in failing to pay for even the initial damages caused by the storm in April, all damages which had no relation to the method of repair.

       29.     For the reasons set forth above, Axis has acted in bad faith in violation of 42 Pa.C.S.A. §8371, for which Axis is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted by law.

       **WHEREFORE**, Plaintiff demands judgment against Axis in an amount in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

**COUNT III**
**Negligence**
**Kunji Harrisburg LLC v. York and O'Keefe**

30.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

31.     The direct, factual and proximate cause of the damages and losses suffered by Plaintiffs was the carelessness, negligence, and/or gross negligence of York and O'Keefe, acting by and through its duly authorized agents, servants, workmen or employees, consisting as follows:

        a.     failing to properly investigate this loss;

        b.     by ignoring the initial cause of loss to the property which was storm damage;

        c.     by failing to address the initial cause of loss in any correspondence or investigation;

        d.     by failing to advise Axis of the initial cause of loss in April;

32.     The damages and losses suffered by Plaintiffs are the direct, factual and proximate result of the negligence and/or gross negligence of York and O'Keefe.

**WHEREFORE,** Plaintiffs demand judgment against York and O'Keefe for an amount in excess of $50,000.00, together with interest, costs, damages for delay, attorney's fees and such other relief as the court may deem equitable and just.

WHEELER, DIULIO & BARNABEI, P.C.

BY:   ___*/s/ Anthony DiUlio*_____
          ANTHONY DIULIO, ESQUIRE
          Attorney for Plaintiff(s)

**VERIFICATION**

I, Anthony DiUlio, counsel for Plaintiff, verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information and belief, and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

WHEELER, DIULIO & BARNABEI, P.C.

BY:    _/s/ Anthony DiUlio_
        ANTHONY DIULIO, ESQUIRE
        Attorney for Plaintiff(s)

Date: 2/15/2019

Case ID: 190201678

# Exhibit "B"

CLAUSEN MILLER, PC
Andrew S. Turkish, Esq. (ID. 57366)
*Attorneys for Defendant, Axis Surplus Insurance Company*
100 Campus Drive, Suite 112
Florham Park, NJ 07932
Our File No.: 18-1900-00-2
Tel: 973-410-4130
Fax: 973-410-4169
E-mail: aturkish@clausen.com

Courtney E. Murphy
*Pro Hac Vice pending*
E-mail: cmurphy@clausen.com

| | |
|---|---|
| KUNJI HARRISBURG LLC<br>2634 Emmitsburg Road<br>Gettysburg, PA 17325<br><br>Vs.<br><br>AXIS SURPLUS INSURANCE COMPANY<br>111 South Wacker Drive., Suite 3500<br>Chicago, IL 60606<br><br>Vs.<br><br>YORK RISK SERVICES GROUP, INC.<br>100 Town Square Place, Suite 402<br>Jersey City, NJ 07310<br><br>Vs.<br><br>JOHN O'KEEFE<br>100 Town Square Place, Ste 402<br>Jersey City, NJ 07310 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>DOCKET NO.: |

## NOTICE OF FILING
## FOR PETITION OF REMOVAL

**TO THE CLERK OF COURT:**

     **PLEASE TAKE NOTICE** that the above captioned action has been removed to the

United States District Court for the Eastern District of Pennsylvania.  A copy of the Petition for

471927.1

Removal, filed with the United States District Court on the 20th day of March, 2019, is attached hereto for filing with this Court.

**PLEASE TAKE FURTHER** notice that pursuant to 28 U.S.C. § 1446(d), the filing of the Petition for Removal with the District Court effects the removal of this action, and this Court shall proceed no further unless and until this action is remanded.

Dated: Florham Park, NJ
      March 20, 2019

<blockquote>
Respectfully submitted,
CLAUSEN MILLER, P.C.

By:    */s/Andrew Turkish*
Andrew Turkish, Esq.
Attorneys for Defendant,
*Axis Surplus Insurance Company*
100 Campus Drive, Suite 112
Florham Park, NJ 07932
Our File No.: 18-1900-00-2
Tel: 973-410-4130
Fax: 973-410-4169
Email: aturkish@clausen.com
E-mail: cmurphy@clausen.com
</blockquote>

To:    **WHEELER, DIULIO & BARNABEI, P.C.**
      One Penn Center – Suite 1270
      1617 JFK Boulevard
      Philadelphia, PA 19103
      Tel: (215) 568-2900
      E-mail: adiulio@wdblegal.com

      **GORDON & REES**
      WILLIAM P. SHELLEY
      Alexander S. Brown
      Three Logan Square, 1717 Arch Street
      Suite 610
      Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 20 day of March, 2019, I caused a true and correct copy of the foregoing NOTICE OF PETITION FOR REMOVAL to be served by U.S. mail, postage prepaid, on the following:

**WHEELER, DIULIO & BARNABEI, P.C.**
One Penn Center – Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 568-2900
E-mail: adiulio@wdblegal.com

**GORDON & REES**
William Shelley, Esq.
Alexander S. Brown, Esq.
Three Logan Square, 1717 Arch Street
Suite 610
Philadelphia, PA 19103
E-mail:  wshelley@grsm.com
E-mail:  abrown@grsm.com

*/s/Andrew Turkish*
Andrew Turkish

471927.1

# Exhibit "C"

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUNJI HARRISBURG, LLC, | CASE NO.: |
| Plaintiff, | |
| Vs. | Civil Action |
| AXIS SURPLUS INSURANCE COMPANY, YORK RISK SERVICES GROUP, INC., and JOHN O'KEEFE, | |
| Defendants. | |

### DEFENDANTS YORK RISK SERVICES GROUP, INC. AND JOHN O'KEEFE'S CONSENT TO NOTICE OF REMOVAL

Defendants, York Risk Services Group, Inc. ("York") and John O'Keefe ("O'Keefe"), with full reservation of any and all rights and defenses, hereby consent to the removal of this action, filed in the Court of Common Pleas, Philadelphia County, Pennsylvania in the February Term, 2019, and titled *Kunji Harrisburg LLC v. AXIS Surplus Insurance Company, et al.*, No. 190201678, to the United States District Court for the Eastern District of Pennsylvania.

By consenting to the removal of this action to this Court, York and O'Keefe do not waive any defenses, objections, or motions available under state or federal law. York and O'Keefe expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on any other applicable grounds.

Authorized Representative:

**GORDON REES
SCULLY & MANSUKHANI**

William P. Shelley, Esq.
Alexander S. Brown, Esq.
*Attorneys for Defendants York Risk Services Group,
Inc. and John O'Keefe*

Date: March 20, 2019

2